**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES KUBOTA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-0908-H** |
| | ) | |
| **JUDGE JAY PATTERSON, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court, this

cause has been referred to the United States Magistrate Judge.  The findings, conclusions and

recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil rights action brought by a *pro se* litigant.

Parties:  Plaintiff is a resident of Plano, Texas.  Defendant is Judge Jay Patterson, and all

members of the jury.  The court has not issued process in this case.

Statement of the Case:  On May 3, 2005, Plaintiff filed the complaint in this action along

with a motion to proceed *in forma pauperis* to establish that he is unable to pay the $255.00

filing fee.

Findings and Conclusions:  The statute authorizing the court to grant *in forma pauperis*

status to an indigent litigant states that:

> Subject to subsection (b), any court of the United States may authorize the
> commencement, prosecution or defense of any suit, action or proceeding, civil or
> criminal, or appeal therein, without prepayment of fees or security therefor, by a
> person who submits an affidavit that includes a statement of all assets such

[person] possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

The mere execution of an affidavit of indigence does not automatically entitle a litigant to proceed *in forma pauperis*.  Rather, the court enjoys limited discretion to grant or deny a motion for leave to proceed *in forma pauperis* based upon the financial statement set forth within the applicant's affidavit.  Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 337, 69 S. Ct. 85, 88 (1948); Prows v. Kastner, 842 F.2d 138, 140 (5th Cir.1988) Green v. Estelle, 649 F.2d 298, 302 (5th Cir. Unit A June 1981); 28 U.S.C. § 1915(a).  Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship."  Prows, 842 F.2d at 140.  "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." Id.

Plaintiff has failed to show that he is a person entitled to proceed without the payment of the $255.00 filing fee.  His motion for leave to proceed describes his assets and liabilities. Plaintiff and his wife are currently receiving social security and veterans administration checks totaling $1,200.00, own a residence with an equity of $32,000 and two automobiles, and have a checking account with a balance of $1,000.  (See Mot. to Proceed *In Forma Pauperis at 3-4).* Under such circumstances the magistrate judge is of the opinion that Plaintiff's motion to proceed *in forma pauperis* should be denied.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court enter its order denying Plaintiff's motion to proceed *in forma pauperis*.

It is further recommended that the District Court dismiss this action without prejudice unless Plaintiff tenders the $250.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

It is also recommended that Plaintiff's motion for appointment of counsel be denied as moot in the event he fails to pay the filing fee.

The Clerk will mail a copy of this recommendation to Plaintiff.

SIGNED this 16th day of May, 2005.

_Wm.F.Sanderson,Jr._

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.